**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BIKER DEOLIVEIRA, | : | CIVIL ACTION NO. 16-3148 (JLL) |
| Plaintiff, | : | O P I N I O N |
| v. | : | |
| UNITED AIRLINES, | : | |
| Defendant. | : | |

**LINARES, District Judge**

The pro se plaintiff, who was employed by the defendant airline, alleges in a handwritten complaint that: (1) he was absent from work on several occasions due to a back injury that he suffered on the job; (2) his personal doctor submitted notes to the defendant that stated that he was unable to work; (3) the defendant concluded that those absences were unjustified when, among other things, the defendant's examining doctor concluded that the plaintiff was able to perform his duties; and (4) the defendant wrongfully terminated his employment. (See dkt. 1; dkt. 1-4.)[1] The plaintiff alleges that the defendant terminated his employment: (1) in violation of the Americans With Disabilities Act (hereinafter, "ADA claim"); and (2) in a manner that breached the terms

---

[1] The parties have not advised the Court about the kind of job that the plaintiff held in his employment with the defendant.

of the collective bargaining agreement between the union representing the defendant's employees and the defendant (hereinafter, "CBA claim"). (See dkt. 1 at 4.)[2]

The defendant now moves to dismiss the CBA claim as being preempted by the Railway Labor Act, and argues that the CBA claim can only be addressed through a mandatory arbitration process. (See dkt. 12-1 at 7; see generally dkt. 12; dkt. 12-1; dkt. 12-2; dkt. 12-3; dkt. 14.) The plaintiff opposes the motion, and argues that: (1) he was fired after working 16 hours to 18 hours a day for 8 years; (2) he did not get enough rest because of the mandatory work schedule; and (3) the defendant's doctor incorrectly found that he was fit to work after he suffered an allegedly permanent back injury. (See dkt. 14-1 at 2.)

The Court presumes that the parties are familiar with the factual context and the procedural history of the action. The Court will resolve the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court will: (1) grant the motion; and (2) dismiss the CBA claim.[3]

## ANALYSIS

### I. Liberal construction

The Court, in addressing the motion: (1) construed the CBA claim liberally; and (2) accepted all of the pro se plaintiff's factual allegations as true, construed the CBA

---

[2] This Court will refer to the documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

[3] The defendant does not address the ADA claim in this motion. The Court notes that the plaintiff alleges that he has received a notice of the right to sue from the Equal Employment Opportunity Commission. (See dkt. 1 at 6.)

claim in the light most favorable to the plaintiff, and considered whether the plaintiff may be entitled to relief in federal court under any reasonable reading of the CBA claim. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Erickson v. Pardus, 551 U.S. 89 (2007); and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).

## II.  Preemption

The airline-employee plaintiff is bringing a CBA claim against the airline-employer defendant that would require a district court to interpret, to apply, or to enforce an existing labor agreement. The plaintiff's CBA claim — that the airline employer breached the collective bargaining agreement by terminating him without cause — presents a "paradigmatic example[]" of a claim that is preempted by the Railway Labor Act. Kennedy v. Am. Airlines Inc., No. 15-8058, 2016 WL 3921149, at *5 (D.N.J. July 20, 2016) (granting an airline employer's motion to dismiss an employee's claim that the airline breached the relevant union contract by terminating his employment without cause).

As a result, the plaintiff's CBA claim is preempted by the Railway Labor Act. See 45 U.S.C. § 181 (extending the provisions of 45 U.S.C. § 151 et seq. to air carriers); see also Nachtsheim v. Cont'l Airlines, 111 Fed.Appx. 113, 115 (3d Cir. 2004) (citing Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246 (1994)). A district court simply does not have subject matter jurisdiction over this kind of claim, and the plaintiff must seek relief

through the arbitration process. See <u>Sierra v. Cont'l Airlines, Inc.</u>, No. 12-4368, 2013 WL 1222797, at *3 (D.N.J. Mar. 25, 2013) (granting an airline employer's motion to dismiss an employee's claim for being preempted by the Railway Labor Act because "the gravamen of the complaint is a wrongful discharge").

## CONCLUSION

For the foregoing reasons, the Court will: (1) grant the motion; and (2) dismiss the CBA claim. The Court notes that the ADA claim remains viable. The Court will enter an appropriate order and judgment.

JOSE L. LINARES
United States District Judge

**Dated:** October 17th, 2016